### No. 1206.

MRS. A. DUPERIER AND HUSBAND VS. THEOGENE VIATOR, SHERIFF AND TAX COLLECTOR, ET AL.

Act No. 126 of 1882 is the legislation intended to make effective Article 209 of the Constitution, and a tax levied under its provisions is legal and binding.

But Section 2 of said Act, which requires the vote of the majority of the property taxpayers, is antagonistic to the proviso of Article 209, which requires only the majority of the legal votes cast at the election.  That provision of the Act is therefore ineffectual, and the Act must conform in that particular to the constitutional requirement.

The failure to publish the names of all the signers of a petition for a special tax, in excess of the rate as limited by Article 209, will not invalidate the tax.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Fontelieu, J.*

*Breaux & Renoudet* for Plaintiff and Appellant.

*C. H. Mouton* and *R. S. Perry* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J.   Plaintiff attacks the legality of a special tax of four mills

levied by the Police Jury of the Parish of Iberia, for the purpose of building a courthouse in said parish.

She urges that the election which was made the basis of the levy was not held in compliance with the provisions of Act No. 41 of 1882, passed in pursuance of Article 209 of the Constitution, under which alone such a tax, in excess of the ten mills' constitutional limitation, can be justified or enforced.

The defense is a general denial, and a special averment that the tax was levied under the provisions of Act 126 of 1882, alleged to be the enabling Act of Article 209 of the Constitution. Defendants further contend, that if Act 41 of 1882 can be construed as the enabling Act of the Article in question, it is violative of the Constitution, in so far as it imposes prerequisites to a tax election not contemplated by that instrument, and that it has been repealed by Act 126, which contains later expressions of legislative will on the same subject matter, in conflict with the provisions of the previous Act.

Plaintiff's appeal, taken from a judgment maintaining the legality of the tax, presents for solution the following propositions; on which she rests her case:

1. That the legality of this tax must be tested under the provisions of Act 41 of 1882.

2. That the tax is illegal, because the petition for the levy of the tax was not signed by parties or their representatives owning one-fourth in value of the assessed property of the parish, as required by that Act.

3. That the petition of taxpayers presented to the police jury, was not published in full, as required by Act 126 of 1882, should that Act be held as governing the case.

4. That the majority of the property taxpayers of the parish did not vote in favor of the tax, as required by Act 126.

The record shows that the intention was to raise the tax under the provisions of Act 126.

There are 2,573 property taxpayers, representing an assessment of $1,868,814.

The petition was signed by 303 taxpayers, representing an assessed value of $417,413.

The petition was published with the ordinance of the police jury, but the names of only fifty signers of the same were mentioned, followed by the words, " with some four hundred and twenty-five others.

The number of tax paying electors who voted at the election was 223, and the number who voted against the tax was 23.

Under this statement of the salient relevant facts of the case, we will

Duperier vs. Viator et al.

now discuss the propositions of law involved therein, as hereinabove stated.

## I.

Both parties agree, and it is quite certain, that the constitutional authority to levy and collect this tax must emanate from Article 209, which confers the authority to increase the rates of taxation, as therein limited, " for the purpose of erecting and constructing public buildings, bridges and works of public improvements in parishes, * . * when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the property taxpayers of such par- ish * * entitled to a vote under the election laws of the State, and a majority of same voting at such election shall have voted therefor."

The legislature passed in the year 1882 two separate Acts, both of which apparently intend to put in operation the provisions of that Article.

Act 41, approved June 26, 1882, is " entitled an Act to enable the police juries of parishes and municipal corporations, the Parish of Orleans excepted, to levy an annual rate of taxation to carry on public improvements in accordance with Article 209 of the Constitution."

It exacts as a prerequisite to a tax election, the presentation of a petition signed by parties or their representatives, owning one-fourth in value of the assessed property of a parish, etc.

Act 126, approved July 6, 1882, is entitled, " an Act to make effective the two hundred and ninth Article of the Constitution, to prescribe the manner in which special elections may be held in the parishes and in- corporated cities, towns and municipalities in this State, for the pur- pose of constructing public buildings, bridges and works of public im- provements in the parishes, cities and towns."

It prescribes as a prerequisite to a tax election, a petition signed by one-tenth of the property taxpayers of any parish, city, incorporated town or municipal authorities, and requires the publication of the peti- tion and of the ordinance ordering the election, at least twenty days before the election is held.

A mere glance at the two Acts satisfies the mind that they are materi- ally different, both in the objects expressed in their respective titles and in their respective provisions.

Article 209 contemplates three distinct purposes for which the limited rate of taxation may be increased, to-wit: *public buildings,* *bridges* and *works of public improvements.* It is clear that the building of a courthouse must come under the heading of public buildings.

Now, a reference to the title of Act 41 shows that it does not include the subject of public buildings, but that it refers to only one of the

three purposes enumerated in Article 209, and that is the subject of public improvements; whereas, Act 126 embraces, both in the title and in the body of the Act, all three of the purposes contemplated in the proviso of Article 209.

It is true, that in the body of Act 41 the subject of public buildings is included as one of its purposes, but it is not included in the title, and must therefore be considered as unwritten. Constitution, Art. 29. Surget vs. Chase, 33 An. 840.

We therefore conclude, that Act 126, and not Act 41 of 1882, is the law intended by the legislature to make effective Article 209, and that the legality of the tax under consideration must be tested under the provisions of the former.

For the purposes of this investigation it becomes therefore unnecessary to pass upon the alleged unconstitutionality of Act No. 41, or to judicially determine the precise object therein contemplated by the law maker.

II.

The conclusion reached on plaintiff's first proposition virtually disposes of her second objection. The petition was signed by more than one-tenth of the property taxpayers of the parish, and is on that point in strict compliance with the Act governing the case.

III.

The official publication of the petition does not contain the names of all the signers, as shown by our foregoing statement of facts. It is a slight irregularity, but it is not sufficient to invalidate the proceeding. The publication is a substantial compliance with the provision of the Act, the object of which, in requiring such publication, was to give notice of the proceeding to all property taxpayers who had not signed the petition, and who could by an examination of the same, ascertain the names and the status of the signers.

IV.

The fourth objection offers more difficulty, as it involves a proposition, urged by the defendants, that Section 2 of Act 126, in requiring the vote of the majority of the taxpayers of the parish, in favor of the tax, is not in keeping with Article 209, which only requires the majority of the votes of taxpayers cast at the election.

It is clear that the enabling Act of an Article of the Constitution can contain no provision antagonistic to the title or spirit of the Article which the legislature proposes thereby to render effective.

The solution of this difficulty involves a mere grammatical construction of the sentence on this subject, which concludes the proviso of

Article 209. It reads as follows : that the purpose for which the tax is intended, " shall be submitted to a vote of the property taxpayers * * entitled to a vote, * * and a majority of same voting at such election shall have voted therefor."

In our opinion, this language is liable to no other construction but that the tax must receive the vote of the majority of the taxpayers who voted at the election or, in other words, the majority of the legal votes cast at the election.

Similar provisions have received such a construction whenever they have been subjected to judicial interpretation.

The Supreme Court of Minnesota, interpreting a similar provision, ruled that : " when a constitution requires the submission of a question to the electors of a county at a general election, and to the assent of a majority of such electors voting thereon, it means a majority of the electors who vote at such election." Bayard vs. Klinge, 16 Minn. 249.

Thus construing the language of our Article, we hold the provision of Act 126, prescribing a different requirement, to be ineffectual. The vote of the majority of the property taxpayers who voted at the election ordered by the police jury, was therefore sufficient to carry the election. The record shows that such was the result of the election in this case, and we therefore hold, that the tax was constitutionally levied and that its payment must be enforced.

Judgment affirmed.